The next case is United States versus Mellon. We have Mr., is it Claymont? Gevermont. Gevermont, okay, oh, it's not right there. Gevermont, all right. Sorry about that. I see you reserve one minute for rebuttal and you can begin whenever you're ready. Thank you. Five months after being sentenced by Judge Gardafy to 60 months incarceration on a single telephone count, Mr. Mello appeared before Judge Buchwald to be sentenced for a violation of supervised release based on the same conduct. That sentencing was marred by a number of significant procedural errors, but I would like to focus on two today. First, the district court erred in failing to properly calculate the applicable guidelines sentence. Second, the district court did not adequately consider the relevant sentencing factors under sections 3553A and 3583E, and its admitted failure to review all materials relevant to sentencing, coupled with multiple factual inaccuracies at sentencing, undercut any presumption that the court considered those factors implicitly. With these errors, the district court began its sentencing from an incorrect baseline and failed to adequately explain its reasoning from there, leaving the public and this court to guess as to how and whether- The government corrected, made clear that even though the guideline was above the statutory maximum, the statutory maximum is what applied, and the judge said, I caught that. So I'm not sure why I understand that that's the law.  then the statutory maximum becomes the guideline. So how is that a plain error? How is that a plain error? Well, I don't think it's fair to say that the court appreciated the government's point there. In fact, the government didn't say there was an error in the violation report. The government said there was an inconsistency in that the violation report recommended a sentence of 30 to 37 months, or 30 months was the recommendation, but the guidelines calculation was 30 to 37 months, and the government said you can't impose that because statutorily the maximum is 24 months. No one ever made the key jump from the fact that the statutory maximum was 24 months to the fact that that became the guideline sentence, and this court in Dorvay and in Bennett has recognized that that is a critical distinction to be drawn. Excuse me, why is it critical? It's controlling on the court, the statutory maximum. What more did an experienced district judge have to do here? Well, I think that that kind of goes to the point that this court was making in Corsi, which is that if the court believes that the statutory maximum is 24 months, but the guidelines recommend something higher than that, then the court may not appreciate the import of the guidelines. In fact, the guidelines. May not appreciate the what of the guidelines? The import of the guidelines. The guidelines becomes the statutory maximum, and that is the baseline from which the court. So the statutory maximum becomes the guideline? Yes, yeah. Yeah, and so the district judge understood that? Well, I don't think that the record supports that the district judge understood that 24 months. What are you concerned the district judge had the mistaken impression that she could sentence to more than 24 months? No, that the guidelines recommended a sentence above 24 months. And you're concerned that she didn't adequately appreciate that he was getting a break vis-a-vis the guidelines by only being subject to the statutory sentence? The critical thing is that the judge has to start from the guideline sentence, and here there's not an adequate record. I know, but there was no indication, like in Dorvey, where the judge made clear she was still gonna use the guideline, notwithstanding the statutory maximum. That was the problem in Dorvey. The judge essentially used the guideline after determining, even though the statutory maximum was much lower. We have no issue like that here. Well, even. No indication that Judge Buchwald was still considering the guideline in any way at that point, right? Right. Well, in Dorvey, the district judge did make the error explicitly. Here, the district judge said nothing about what the guidelines actually were. Why should we assume she didn't understand what you're suggesting, that it became the guideline? Why would she assume she obviously understood that from the exchange between the counsel and the defense lawyer said nothing else? Well, I don't think that the judge made it sufficiently clear that she did understand it, and I don't think the record would support that. But even if the judge made that single jump to say, okay, in 24 months becomes the guideline sentence, that is not enough on its own. The judge has to demonstrate that all of the rest of the sentencing proceeds from that point. All right. Let me ask you, you seem to suggest there's some procedural error if the district judge does not read the PSR for the underlying case that was the basis for the violation. And I would suggest to you, maybe I'm wrong, that we've never said, I mean, it could be a state case, not a federal case. Here, it happened to be Judge Gardafy, but it could be a state arrest, a state sentencing. You're suggesting that the district court has to review the entire pre-sentence report for the underlying crime that was the basis of the violation? Well, I think there are two reasons that review, well, three reasons that reviewing the pre-sentence report would have been significant here. One is that this court has said that the underlying conduct, if it's a federal offense, must be considered by the district court. No, the district obviously considered the underlying conduct here, that's not the issue. She obviously was considering what happened with respect to the case before Judge Gardafy. But if there's something from that PSR that the defense lawyer thinks significant, the defense lawyer can obviously present that to the judge. But there's no requirement for the judge to read that cover to cover like it would need to do for the PSR in the case before it. Right, well, Judge Gardafy adopted the PSR as his findings of fact, which is why it's important for that prong. The other reason it's important to consider is there was no PSR, this is a violation of supervised release, so there didn't have to be. So the- What was there in the PSR that would have cast your client in a more favorable light? Well, at sentencing, he made comments like, I can handle prison, and I'm not afraid of prison. I think if you review the whole record, it's clear that that's sort of an emotional outburst. In fact, he was having a very difficult time in prison. So just to calibrate what appropriate sentence would be for him- What would have been in the pre-sentence report, though, in front of Judge Gardafy, that you're saying, aha, Judge Buchwald should have known about that, that might have resulted in a mitigation of sentence? Well, it's difficult to say what she had in mind when she was proceeding with sentencing, because she didn't discuss it. All right, so the answer is you don't have anything to point to specifically. I ask this because, I mean, you're saying that we're looking at a record in which it appears that Judge Buchwald was very disappointed, we'll put it that way, with your client's conduct. And indeed, there might even be a reason to think that she might have sentenced him to more than 24 months if she'd had the option. So I'm just trying to figure out what was in the report to Judge Gardafy that would have cast this in a more favorable light? Well, for example, Judge Buchwald interjected at one point when Mr.- No, what's in the report in front of Judge Gardafy that wasn't known to Judge Buchwald? So specifically, I think one factor would be the circumstances of the gun that was mentioned in the PSR. It's clear in the PSR that there was no gun recovered. No one knew if he possessed a gun after his prior sentence. What had happened was that he posted on social media with a gun. And it's not clear to me that Judge Buchwald appreciated that fact, that perhaps this conduct was reposted online, which is certainly inappropriate, but it doesn't necessarily show that he had a gun after his prior sentence. And I don't think that Judge Gardafy found that fact either. All right, thank you. Thank you. We'll hear from the government. Mr. Scott. Thank you, Your Honor. And may it please the court. My name is Hagan Scotten. I represent the government in the district court, and I represent the government in this appeal. Your Honor, to start briefly with the guidelines issue, this court has said for Cogliad, which was a published opinion about supervised release, as well as more recently in Lindsay, which is a summary order, that the district court does not commit plenary by failing to explicitly state the guidelines in a violation of supervised release hearing. Here, it's true that Judge Buchwald did not explicitly state them, but the parties discussed them. The government did, in fact, contrary to Mr. Mello's representation, refer to its request as a request for the maximum sentence under the guidelines, which the guidelines recommend. So the government did discuss 24 months as a guideline sentence. And here, it's clear both that Judge Buchwald knew what the guidelines were, and as Judge Raggi indicated, would not have had a different sentence based on a different conception, because she was clearly sentencing at the maximum amount allowed by statute for all the reasons that she detailed. And then with respect to her consideration of the 3553A factors, I think you can see in the record, Your Honor, that she goes through a number of facts, both good for the defendant, such as his addiction, and bad for the defendant, such as imposing a danger to the community, and his recurrent recidivism that sound in the 3553A factors. So I just don't think there's any grounds to suggest that the court's rationale for the sentence imposed is not apparent from the record. Subject of court's questions, I'll rest on my papers. Thank you. I think that the government does a good job at rationalizing some of the gaps in the record. So perhaps Judge Buchwald knew what the guideline sentence was, but didn't calculate it explicitly. Perhaps Judge Buchwald read the relevant portions of the PSR that would have apprised her of Mr. Mello's history and characteristics and the nature of the offense, but she didn't say that. But that's not the purpose of a review on appeal. On appeal, the court has to ask whether the record that exists is sufficient. And I think the record that exists in this case is not sufficient, either to apprise the public of the reasons for the sentence, or to create a record for this court's review. Well, let me ask you. She did say she discussed how Mr. Mello, quote, fooled the court by rejecting the lenient sentence she previously gave him, which she characterized as a, quote, absolute gift. She explained that, quote, after receiving that gift, he then got into trouble in prison and got out on supervised release and was arrested seven months later. He, again, quote, talked a good game about promises to the court, promises to his mother, promises to himself. The bottom line is he breaks those promises. Now, what more do you think the public needed to know about why this judge imposed this sentence? Well, I think that, as this court has said, the judge has to consider the severity of the underlying offense. I think that all of those factors that you just listed out are things that the fact of another violation would be sufficient for the court to have made those statements. But the point is that the court has to review the record in its entirety so that we can know that the sentence of 24 months is the least necessary sentence. And I don't think that that has happened here. All right, thank you. Thank you both for a reserved decision.